[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (#106)
On May 1, 2000, the plaintiffs, John Phillip Carbo and David A. Carbo, filed and Application for Visitation Pursuant to General Statutes §46b-59 (#101). The plaintiffs are the maternal uncles of a minor child, Philip T. Kalosky, born on December 13, 1989. The defendant is the child's father. The child's mother died on February 12, 1999. At the time of her death, the child's parents were married and there was no ongoing litigation regarding the child's custody or visitation.
The plaintiffs have instituted the instant litigation pursuant to General Statutes § 46b-59 in order to secure reasonable and liberal visitation rights with the minor child. The plaintiffs allege that they enjoyed a very close relationship with the child prior to the mother's death, but have been denied all contact with the child since her death. Further, the plaintiffs allege, without elaboration, that it is in the child's best interest to have reasonable and liberal visitation with his uncles. On August 30, 2000, the plaintiffs filed a Motion for Visitation Pendente Lite (#103) and a Pendente Lite Motion for Family Relations Evaluation (#104).
On September 11, 2000, the defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (#106). Additionally, the defendant claims that General Statutes § 46b-59 unconstitutionally violates the defendant's Fourteenth Amendment rights under the United States Constitution. On October 23, 2000, the plaintiffs filed their Opposition to Motion to Dismiss.
The Connecticut Supreme Court has reviewed General Statutes §46b-59[1] previously in Castagno v. Wholean, 239 Conn. 336, 684 A.2d 1181
(1996), which had its genesis in the Superior Court, judicial district of Middlesex. In Castagno, a child's grandparents sought visitation. The child's parents were married and the nuclear family had never been the subject of any court intervention. The court analyzed the subject statute and the common law background and concluded that the use of General Statutes § 46b-59 is intended to be confined "to situations in which the family already has been somehow disrupted, warranting the state's intrusion upon the integrity of the family unit. . ." Id., 351-2. "[T]he legislature intended § 46b-59 to afford the trial court jurisdiction to entertain a petition for visitation only when the minor child's family life has been disrupted in a manner analogous to the situations addressed by §§ 46b-56 and 46b-57 . . . Although the death of a parent or the de facto separation of the parents may allow an action, there may be other times when an action is also warranted, such as when there has been a good faith allegation by a third party of abuse or neglect. A party seeking visitation rights must, however, in the pleadings, set forth with specificity the factual bases for the petition before the court can determine whether such threshold conditions have been met." Id., 352-53. CT Page 2549
In the instant case, the plaintiffs have alleged the death of the child's mother. Therefore, their complaint meets the threshold requirements of General Statutes § 46b-59 as set forth in Castagno.
The defendant also claims that General Statutes § 46b-59 violates his Fourteenth Amendment rights under the United States Constitution. The United States Supreme Court has recently had occasion to review the constitutionality of a Washington statute[2] which is nearly identical to the Connecticut statute in Troxel v. Granville, 530 U.S. ___, (2000).Troxel involved an effort by the minor children's paternal grandparents for increased visitation. The children's parents were never married, but lived together for a period of time. Following their separation, the children's father resided with his parents where he frequently brought his children to visit until he committed suicide. Thereafter, the children's mother continued to permit visitation with the grandparents. Eventually, the mother sought to limit but not eliminate visitation. The grandparents filed a petition for increased visitation, which the trial court granted in a more limited manner than requested but expanded from that which the children's mother wished to permit.
The mother appealed and the Court of Appeals reversed, holding that nonparents lack standing to seek visitation under the Washington statute unless a custody action is pending, but not expressly addressing the constitutional challenge to the statute lodged by the mother. Thereafter, the Washington Supreme Court found that the statute did give the grandparents standing irrespective of whether a custody action was pending but that, ultimately, they could not obtain visitation under the statute because it unconstitutionally infringed upon the rights of parents to rear their children in that it did not require a threshold showing of harm and that the language of the statute sweeps too broadly.
The United States Supreme Court granted certiorari and affirmed the judgment of Washington's highest court. In doing so, the court decided that the Washington statute, as applied to this family, violated the Federal Constitution because it was "breathtakingly broad." Id., 8. The court was concerned that the statute "gave no special weight at all to [the mother's] determination of her daughters' best interests," Id., 10, placing the best interest analysis solely in the hands of a judge and, in fact, placing on "the fit custodial parent, the burden of disproving that visitation would be in the best interest of [the children]." (Emphasis in original.) Id., 11. The court was also concerned that the visitation application made no allegation that the children's mother was in any way unfit. The court concluded that "so long as a parent adequately cares for his or her children (ie., is fit), there will normally be no reason for the State to inject itself into the private realm of the family to CT Page 2550 further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." Id., 10.[3]
The Supreme Court explicitly did not reach the larger constitutional question: "whether the Due Process clause requires all nonparental visitation statutes to include a showing of harm or potential harm to the child as a condition precedent to granting visitation." Id., 14-15. Notably, though, the court did acknowledge that "the burden of litigating a domestic relations proceeding can itself be `so disruptive of the parent-child relationship that the constitutional right of a custodial parent to make certain basic determinations for the child's welfare become implicated.'" Id., 17.
This court, too, declines to find General Statutes § 46b-59
unconstitutional either in general or as applied to the facts of this case. The plaintiffs have met the threshold requirement of Castagno by alleging the death of the child's mother, thus fulfilling the prerequisite of disruption of the family unit.
Nevertheless, Troxel appears to require more. General Statutes §46b-59, like the statute at issue in Troxel, gives no weight to the parents' decision regarding visitation and places the burden of disproving that the requested visitation is in the child's best interest on the parents. To make matters worse, General Statutes § 46b-59 authorizes the further intrusion of appointing an attorney for the child and requiring a family relations study without a preliminary showing that the parents' decision is not presumptively correct.
Therefore, as in Troxel, this court requires the specific pleading of and a preliminary hearing on facts which allege unfitness or imminent harm to the child.[4] At the hearing, the burden of proof shall be on the applicant and the court will presume that the parents' decision is in the child's best interest, unless there is a probable cause to believe otherwise.
Accordingly, this court will treat the Motion to Dismiss as a Motion to Strike, which is granted.[5] The plaintiffs may plead over, if possible, consistent with this decision.
 It is so ordered.
BY THE COURT:
Elaine Gordon, Judge of the Superior Court